1  Michael W. Collins, State Bar# 197829
2  **Law Offices of Collins & Lamore**
   **Attorneys at Law**
3  8 Whatney #102
   Irvine, CA 92618
4  (949) 581-9300; FAX# (480) 287-8507

5  Attorney for Plaintiff

6              IN THE UNITED STATES DISTRICT COURT

7           FOR THE CENTRAL DISTRICT OF CALIFORNIA

8                       SOUTHERN DIVISION

9  Kathy R. Ferrin,                  ) Case No.: SACV12-0 2061 DOC (ANx)
                                      )
10                                    )
            Plaintiff,                )
11                                    ) COMPLAINT
       vs.                            )
12                                    ) DEMAND FOR JURY TRIAL
   FELDSOTT & LEE, A LAW              )
13 CORPORATION; and Does 1 – 50,     ) 15 United States Code § 1692 et seq
                                      )
14          Defendants               )
                                      )
15                                    )

16      Plaintiff, KATHY R. FERRIN, based on information and belief and investigation of

17 counsel, except for those allegations which pertain to the named Plaintiff (which are alleged on

18 personal knowledge), hereby makes the following allegations:

19

20                      I.  **INTRODUCTION**

21      1.      This action for statutory damages, attorney fees and costs is brought by an

22 individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15

23 U.S.C.§ 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in

24 abusive, deceptive and unfair practices.

25      2.      According to 15 U.S.C.§ 1692:





1        a.      There is abundant evidence of the use of Abusive, deceptive, and unfair

2 debt collection practices by many debt collectors. Abusive debt collection practices contribute to

3 the number of personal bankruptcies, to Marital instability, to the loss of jobs, and to invasions of

4 individual privacy.

5        b.      Existing laws and procedures for redressing these Injuries are inadequate

6 to protect consumers.

7        c.      Means other than misrepresentation or other abusive debt collection

8 practices are available for the effective collection of debts.

9        d.      Abusive debt collection practices are carried on to a substantial extent in

10 interstate commerce and through means and instrumentalities of such commerce. Even where

11 abusive debt collection practices are purely intrastate in character, they nevertheless directly

12 affect interstate commerce.

13        e.      It is the purpose of this title to eliminate abusive debt collection practices

14 by debt collectors, to insure that those debt collectors who refrain from using abusive debt

15 collection practices are not competitively disadvantaged, and to promote consistent State action

16 to protect consumers against debt collection abuses.

17

18 **II. JURISDICTION**

19        3.      Jurisdiction of this Court arises under 15 U.S.C. § 1692K(d) and 28 U.S.C. §§

20 2201 AND 2202.

        4.      This action arises out of Defendant's violations of the Fair Debt Collection

21 Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

22

23 ////

24 ////

25 ////

### III. VENUE

5.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.SC. § 1692k(d), in that Defendant transacts business in this judicial district and some of the facts related to the violations of the FDCPA complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

6.     This lawsuit should be assigned to the Southern Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Orange County.

### V. PARTIES

7.     Plaintiff, KATHY R. FERRIN  (hereinafter "Plaintiff"), is a natural person residing in Aliso Viejo, CA. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and is a "disabled person" within the meaning of Cal. Civil Code §1761 (g).

8.     Plaintiff is informed and believes, and thereon alleges that Defendant, FELDSOTT & LEE, A LAW CORPORATION  (hereinafter "FELDSOTT & LEE"), is or was at all relevant times, a California Professional Corporation engaged in the business of collecting debts in this state with its principal place of business appearing to be located in Orange County, CA at: 23161 MILL CREEK DR., Suite 300, Laguna Hills, CA 92653. Pursuant to CA Secretary of State records FELDSOTT & LEE may be served as follows:

| | |
|---|---|
| Entity Name: | FELDSOTT & LEE, A LAW CORPORATION |
| Entity Number: | C0745288 |
| Date Filed: | 08/01/1975 |
| Status: | ACTIVE |
| Jurisdiction: | CALIFORNIA |
| Entity Address: | 23161 MILL CREEK DR, SUITE 300 |
| Entity City, State, Zip: | LAGUNA HILLS CA 92653 |
| Agent for Service of Process: | STANLEY FELDSOTT |
| Agent Address: | 23161 MILL CREEK DR, SUITE 300 |
| Agent City, State, Zip: | LAGUNA HILLS CA 92653 |

9.      The principal business of FELDSOTT & LEE is the collection of debts using the mails and telephone, and FELDSOTT & LEE regularly attempts to collect debts alleged to be due another. FELDSOTT & LEE is a "debt collector" within the meaning of 15 U.S.C. § 1692A(6).

10.      Does 1 – 50 are additional persons or entities responsible in some way for the harms suffered by Plaintiff as alleged herein, and will be named by their true names upon discovery thereof.

## VI. FACTUAL ALLEGATIONS

11.      Between 08/02/2010 and present Plaintiff is alleged to have incurred a financial obligation, namely a Home Owners Association debt (hereinafter "the alleged debt") owed to the ALTISSE HOMEOWNERS ASSOCIATION (hereafter "ALTISSE").  The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12.      On 08/02/2010 Plaintiff filed bankruptcy chapter 7 and obtained a standard discharge on or about 05/09/2011. Thereafter on 07/11/2011, Plaintiff filed for Chapter 13

1   bankruptcy relief case# 8:11-bk-19604, which was eventually dismissed on 10/13/2011.

2   Notwithstanding the "stay" that was in place, "ALTISSE", by and through its attorneys,

3   continued its collection efforts against Plaintiff sending a "Notice of Intention to Institute

4   Foreclosure Proceedings" to Plaintiff on or about 07/12/2011. This letter claims that "ALTISSE"

5   has complied with CA civil code §1367.4(c)(2) that requires the decision to foreclose against

6   Plaintiff be made by the board of directors of the association only. However, from the face of the

7   letter and the "resolution of the Board of Directors Foreclosure of Liens" dated 06/20/2011, the

8   board only approved foreclosure at some future date "as soon as the delinquent balance equals

9   $1,800.00 or more". A true and accurate copy of the each of these documents, referenced above,

10   is attached hereto, marked Exhibit"1" and Exhibit "2", respectively, and by this reference is

11   incorporated herein.

12       13. "ALTISSE", by and through its attorneys, continued its violation of the bankruptcy

13   "stay" filing suit against Plaintiff on 08/17/2011. A true and accurate copy of the complaint,

14   referenced above, is attached hereto, marked Exhibit"3," and by this reference is incorporated

15   herein. Furthermore, and in continued violation of the bankruptcy "stay" in place, "ALTISSE"

16   by and through its attorneys proceeded to obtain service on Plaintiff with said complaint on or

17   about 08/25/2011 and proceeded to request default on or about 10/12/2011. A true and accurate

18   copy of the each of these documents, referenced above, is attached hereto, marked Exhibit"4"

19   and Exhibit "5", respectively, and by this reference is incorporated herein.

20       14.   On or about 01/23/2012, "ALTISSE" by and through its attorneys proceeded to

21   have judgment entered notwithstanding the stay violations. A true and accurate copy of the

22   judgment entered, referenced above, is attached hereto, marked Exhibit"6," and by this reference

23   is incorporated herein.

24       15.   "ALTISSE" has a system whereby they routinely check for bankruptcy in

25   situations where the homeowner is in default and in fact charge homeowners a fee for such

1 | "bankruptcy verification". However, "ALTISSE" and its attorneys of records willfully or

2 | negligently failed to perform a bankruptcy verification at any stage of the illegal lawsuit filed

3 | against Plaintiff while such collection action was subject to the bankruptcy "stay" between

4 | 07/07/2011 and 10/13/2011. A true and accurate copy of letter dated 10/10/2008 sent to Plaintiff

5 | outlining this service and the fees charged is attached hereto, and marked Exhibit"7", and by this

6 | reference is incorporated herein.

7 |     16.  Plaintiff employed a Real Estate Law Firm on or about 01/01/2012, which claimed

8 | to specialize in homeowner refinance and such issues. Plaintiff was under the impression that

9 | they were dealing with this issue with "ALTISSE". They were not.

10 |     17.  On or about April 2012, a settlement proposal protected under CA Evid Code

11 | §1152 et al. was sent to "FELDSOTT & LEE". On May 9, 2012, "FELDSOTT & LEE"

12 | responded. Such letter fails to disclose that it is being sent from a debt collector. A true and

13 | accurate copy of the letter (redacted in part consistent with the tenants of CA Evid. Code §1152),

14 | referenced above, is attached hereto, marked Exhibit"8" and by this reference is incorporated

15 | herein.

16 |     18.  Plaintiff employed the above captioned law firm (Collins & Lamore) in this matter

17 | on or about 07/11//2012. On that date, a dispute letter and settlement proposal protected under

18 | CA Evid Code §1152 et al. was sent to "FELDSOTT & LEE" via fax and email. Furthermore,

19 | "FELDSOTT & LEE" was advised about the violation of the bankruptcy "stay" violation. A true

20 | and accurate copy of the letter (redacted in part consistent with the tenants of CA Evid. Code

21 | §1152), referenced above, is attached hereto, marked Exhibit"9" and by this reference is

22 | incorporated herein.

23 |     19.  On 07/16/12, "FELDSOTT & LEE" responded by letter and fax demanding either

24 | payment of judgment or vacate/dismiss judgment and re-file lawsuit. Such letter is a further

25 | effort at collection but is not a validation of debt as requested by Plaintiff on 07/11/2012. Such

1  letter fails to disclose that it is being sent from debt collector. A true and accurate copy of the

2  letter, referenced above, is attached hereto, marked Exhibit"10" and by this reference is

3  incorporated herein.

4      20.  On 07/30/12, counsel for Plaintiff contacted "FELDSOTT & LEE" and advised

5  them Plaintiff would not pay on the illegally entered judgment as demanded and that it needed to

6  be vacated and dismissed (which said judgment was later vacated and dismissed on or about

7  09/21/2012). That same day, "FELDSOTT & LEE" responded by letter and fax confirming that

8  conversation, but once again threatening continuing collection action but without providing any

9  validation of debt as requested by Plaintiff on 07/11/2012. Such letter fails to disclose that it is

10 being sent from debt collector. A true and accurate copy of the letter, referenced above, is

11 attached hereto, marked Exhibit"11" and by this reference is incorporated herein.

12     21.  On 10/03/2012, notwithstanding Defendants knowledge that Plaintiff was

13 represented by counsel, Defendant sent a demand for payment directly to Plaintiff which is a

14 "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. §16921(2).

15 A true and accurate copy of the letter, referenced above, is attached hereto, marked Exhibit"12"

16 and by this reference is incorporated herein.

17     22.  Plaintiff is informed an believes, and thereon alleges, that various documents in

18 Defendants possession on 10/03/2012 showed that Plaintiff had previously requested, through

19 her counsel, that she not be contacted regarding Defendants attempts to collect the alleged debt

20 and that Plaintiff was represented by counsel. Any professional review of Plaintiff's account or

21 the documents in Defendant's possession would have revealed that Plaintiff was represented by

22 counsel and should not be contacted directly.

23     23. Plaintiff is informed and believes, and thereon alleges, that Plaintiff did not conduct

24 a professional review of Plaintiff's account before signing letter dated 10/03/2012 and sending it

25

1  directly to the Plaintiff. See **Clamon v. Jackson**, 988 F. 2d. 1314 (2nd Cir. And **Avila v. Rubin**,

2  84 F.3d 222, 228-229 (7th Cir. 1996).

3      24. Plaintiff is informed and believes, and thereon alleges, that the letter sent on

4  10/03/2012 misrepresented the role and involvement of legal counsel.

5      25.  Plaintiff is informed and believes, and thereon alleges, that the letter sent on

6  10/03/2012 misrepresented the true source or nature of the communication thereby making false

7  statements in an attempt to collect a debt.

8

9

10                          **VII. CLAIMS**

11               **FAIR DEBT COLLECTION PRACTICES ACT**

12      26.    Plaintiff brings a claim for relief against Defendant under the Fair Debt Collection

13  Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

14      27.    Plaint. incorporates all paragraphs of Complaint as though fully set forth herein.

15      28.    Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

16      29.    Defendant, FELDSOTT & LEE, is a "debt collector" as that term is defined by the

17  FDCPA, 15 U.S.C. § 1692a(6).

18      30.    The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is

19  defined by the FDCPA, 15 U.S.C. § 1692a(5).

20      31.    Defendant has violated the FDCPA, The violations   The violations include, but

21  are not limited to, the following.

22          a.      FELDSOTT & LEE falsely represented the character, amount, or

legal status of the debt in violation of 15 U.S.C. §§ 1692e(2),  1692e(10), and 1692e(15);

23          b.      FELDSOTT & LEE falsely represented the character, amount, or

24  legal status of the debt by sending a collection notice without identifying that communication as

25  being from a debt collector, in violation of 15 U.S.C. §§ 1692e(11);

c.       FELDSOTT & LEE continued to communicate directly with Plaintiff regarding the collection of the alleged debt after Defendants knew Plaintiff was represented by an attorney with respect to the alleged debt, in violation of 15 U.S.C. § 1692c(a)(2);

d.       FELDSOTT & LEE continued to communicate directly with Plaintiff regarding the collection of the alleged debt after Defendants received written notice that Plaintiff did not want any further contact, in violation of 15 U.S.C. § 1692c(c);

e.       FELDSOTT & LEE falsely represented or implied that attorneys had reviewed Plaintiff's account when they had not done so, in violation of 15 U.S.C. § 1692e(3) and 1692e(10);

f.       FELDSOTT & LEE falsely represented the role and involvement of legal counsel, in violation of 15 U.S.C. § 1692e(3) and 1692e(10); and

g.       FELDSOTT & LEE misrepresented the true source or nature of the collection communications, in violation of 15 U.S.C. § 1692e, 1692e(3), and 1692e(10);

32.       Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

33.       As a result of Defendant's FDCPA violations, Plaintiff is entitled to an award of statutory damages, treble damages (according to CA Civil Code §3345), costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## VIII. DECLARATION BY PLAINTIFF

I declare under the penalty of perjury and in accordance with the laws of the State of California that the foregoing is true and correct.

Executed on _Nov 25, 2012_, at _IRvine, Ca._

Plaintiff: Kathy R. Ferrin

## IX. REQUEST FOR RELIEF

Plaintiff requests that this Court:

    a)      Assume Jurisdiction in this proceeding;

    b)      Declare that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e(2), 1692e(10), 1692e(11), 1692e(15), 1692c(a)(2), 1692c(c), 1692(e)3, 1692e, and such other statutes that may be proven at trial;

    c)      Award Plaintiff statutory damages in an amount not exceeding $1,000 for each occurrence, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    d)      Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3);

    e)      Award Plaintiff treble damages pursuant to Cal. Civil Code §3345;

    f)      Award Plaintiff such other and further relief as may be just and proper.

Law Offices of Collins & Lamore

_____
Michael W. Collins, Esq.
Attorney for Plaintiff

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

_____
Michael W. Collins, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Kathy R. Ferrin, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

_____
Michael W. Collins, Esq.

**Exhibit "1"**

EX 1-A

**Feldsott & Lee** 
A LAW CORPORATION

23161 Mill Creek Drive, Suite 300
Laguna Hills, CA 92653

(949) 729-8002
(949) 729-8012 FAX
WWW.CAHOALAW.COM

Contact Amanda Ybarra - Assessment Department Assistant – aybarra@cahoalaw.com

Attorneys for Plaintiff - **ALTISSE HOMEOWNERS ASSOCIATION**

**In Re: 71 Via Bacchus, Aliso Viejo, CA 92656**

**KATHY R. FERRIN**
**71 Via Bacchus**
**Aliso Viejo, CA 92656**

## NOTICE OF INTENTION TO INSTITUTE

## FORECLOSURE PROCEEDINGS

Dear Homeowner(s),

YOU WILL PLEASE TAKE NOTICE that payment of your homeowners' association maintenance fees is seriously delinquent in the amount of $4,790.33. The debt consists of the following: $4,027.33 in delinquent assessments and late charges through July 12, 2011, $600.00 in attorney's fees, $55.00 in costs, $58.00 release of lien fee, and $50.00 in file set up fees.

PLEASE TAKE NOTICE that if the balance owed is not paid within said thirty (30) days, an action will be commenced in the Superior Court to foreclose the assessment lien. Said action will also include a request for all court costs and reasonable attorneys' fees as provided for by *Civil Code §§1354, 1366, 1367 and the Declaration of Covenants, Conditions, and Restrictions.*

The Board of Directors of the Association has approved by majority vote in executive session, to initiate foreclosure proceedings of the above referenced lien as soon as the delinquent balance equals $1,800.00 or more.

As a reminder, you may have the option of resolving this dispute through the

EXHIBIT

*Ex 1-b*

Association's internal dispute resolution program as set forth in <u>Civil Code</u> §1363.810, et seq., or through formal alternative dispute resolution with a neutral third party as set forth in <u>Civil Code</u> §1369.510, et seq.  You will not be charged a fee for participating in internal dispute resolution.

Please refer all questions or payment in full to **Amanda Ybarra – Assessment Department Assistant.  aybarra@cahoalaw.com**

     Dated: July 12, 2011

                 FELDSOTT & LEE

                 By
                 MARIA KAO
                 Attorney for Association

ay

**THE DEBT COLLECTOR IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

EXHIBIT

**Exhibit "2"**

Ex. 2

## RESOLUTION OF THE BOARD OF DIRECTORS FORECLOSURE OF LIENS

WHEREAS, Civil Code §1367.4 (c)(2) provides that, "The decision to initiate foreclosure of a lien for delinquent assessments that has been validly recorded shall be made only by the Board of Directors of the Association and may not be delegated to an agent of the Association. The Board shall approve the decision by a majority vote of the Board members in an executive session. The Board shall record the vote in the minutes of the next meeting of the Board open to all members. The Board shall maintain the confidentiality of the owner or owners of the separate interest by identifying the matter in the minutes by the parcel number of the property rather than the name of the owner or owners. A Board vote to approve foreclosure of a lien shall take place at least 30 days prior to any public sale." and

NOW THEREFORE, BE IT RESOLVED, pursuant to Civil Code §1367.4 (c)(2), the Board of Directors ("Board") hereby certifies that the following has occurred:

Association: Altisse Homeowners Association

Owners: (identified by assessment account number): ): 032200006881 collectively, "Owners"

Assessor's Parcel Number of Property: 934-50-470

If no (APN), description of Property: ("Property")

1. The Association offered the owner and, if requested by the owner, participated in dispute resolution pursuant to the Association's "meet and confer" program.
1. The Board has personally voted on the subject of this resolution and did not delegate voting to any agent of the Homeowners Association.
2. A majority of the Board has, during an executive session, voted in favor of foreclosing the Lien for delinquent assessment's on the property described above, as soon as the amount of the delinquent assessment secured by the lien (exclusive of any accelerated assessments, late charges, fees and costs of collection, attorney's fee's, or interest) equals or exceeds $1,800.00 or the assessments secured by the lien are more than 12 months delinquent.
3. The vote to foreclose the Lien against the property listed above will be recorded in the minutes of the next open meeting of the Board.
4. This resolution has been adopted by the Board and signed by a member of the Board vested with the authority to do so.

ADOPTED BY:

_Jon Bognoski_       _Jan Bognoski_

Signature of Authorized Board Member      Print Name

_President_          _6/20/11_

Title                  Date

### CERTIFICATE OF SECRETARY

I, _____, the duly appointed and acting secretary of the Altisse Homeowners Association do hereby certify under penalty of perjury, that the foregoing resolution was duly moved, seconded and adopted by the requisite majority of the Board of Directors at a duly noticed meeting held on this, _____ day of _____, 20_____.

_E.J. Onyneal_

Signature of Secretary                 Date

EXHIBIT

**Exhibit "3"**

1   JACQUELINE PAGANO (SBN # 266283)
    FELDSOTT & LEE
2   23161 Mill Creek Drive, Suite 300
    Laguna Hills, CA  92653
3   (949) 729-8002

4   Attorney for Plaintiff

5   ALTISSE HOMEOWNERS ASSOCIATION

6

7

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
HARBOR JUSTICE CENTER

AUG 17 2011
ALAN CARLSON, Clerk of the Court

BY_____
                DEPUTY

8             SUPERIOR COURT OF CALIFORNIA

9   COUNTY OF ORANGE, HARBOR JUSTICE CENTER, LAGUNA HILLS FACILITY

10

30-2011

11  ALTISSE HOMEOWNERS ASSOCIATION, a

12  nonprofit mutual benefit corporation,

13      Plaintiff,

14      vs.

15  KATHY R. FERRIN, and DOES 1 through 100,

16  inclusive,

17      Defendants.

CASE NO.    00 500978

COMPLAINT TO FORECLOSE ASSESSMENT
LIEN, ACCOUNTS STATED AND OPEN
BOOK ACCOUNT  (LIMITED JURISDICTION
PURSUANT TO CCP §86 (a)(6))

DEMAND UNDER $10,000.00

Date Action Filed:

Trial Date:     None Set

18

19     Plaintiff alleges:

20                 FIRST CAUSE OF ACTION

21                  (For Account Stated)

22      1.    At all material times, Plaintiff was a nonprofit mutual benefit corporation,

23  organized and existing under the laws of the State of California and was a homeowners association

24  established in a project consisting of common interest development as defined by the Davis-Stirling

25  Common Interest Development Act.

26      2.    The true names and capacities, whether individual, corporate, associate or otherwise

27  of Defendants named herein as DOES 1 through 100, inclusive, are unknown to plaintiff, who

28

36

1  therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to

2  show the true names and capacities when same have been ascertained.

3        3.      At all times herein mentioned and material hereto, all of the Defendants were the

4  agents, servants and employees of their co-defendants, and were acting within the course and scope

5  of their authority as such agents, servants and employees and with the permission and consent of

6  said named Defendants.

7        4.      The real property, which is the subject of this lawsuit, is situated in the County in

8  which the above-entitled Court is located, in the State of California, and is more particularly

9  described in Exhibit "A" attached hereto and by this reference incorporated herein ("SUBJECT

10 PROPERTY").

11       5.      When Defendants acquired and accepted "SUBJECT PROPERTY", it was subject to

12 all of the terms and provisions of that certain Declaration of Covenants, Conditions and Restrictions

13 which was recorded on **February 15, 1989 as Instrument No. 89-081241** ("DECLARATION"),

14 and Defendants entered into the purchase and acquisition of "SUBJECT PROPERTY" with both

15 actual and constructive knowledge of all of the provisions of the DECLARATION.

16       6.      At all material times and in accordance with the terms and provisions of the

17 DECLARATION, Plaintiff was obligated to maintain, preserve and repair the commonly owned

18 lots, parcels or areas and/or the individually owned lots, parcels and/or portions thereof within the

19 project.

20       7.      The DECLARATION provides, among other things, for maintenance assessments to

21 be paid by Defendants to Plaintiff in the amounts set forth in the DECLARATION or established

22 pursuant thereto, as well as interest, costs, late charges and reasonable attorney's fees.

23       8.      Within four (4) years past, in the County of **Orange**, State of California, an account

24 was stated in writing by and between Plaintiff and Defendants and on such statement a balance of

25 **$4,369.06** was found due to Plaintiff from Defendants.

26       9.      Although demanded by Plaintiff from Defendants, neither all nor any part of the

27 balance has been paid.

28       10.     There is now due and owing and unpaid from Defendants to Plaintiff the sum set

3c

forth in paragraph 8 above, together with interest thereon at the rate provided for by Civil Code Section 1366.

11.     Plaintiff has not consented to the breach of any of the terms or provisions of the "DECLARATION" and the same have not been canceled or withdrawn, and each and every one thereof is, and at all material times was, in force and effect.

12.     This action is not subject to the provisions of Sections 1812.10 or 2984.4 of the California Civil Code.

13.     Plaintiff has provided all statutory notices to Defendants as required by the Davis-Stirling Common Interest Development Act.

## SECOND CAUSE OF ACTION

## (Open Book Account)

14.     Plaintiff refers to Paragraphs 1 through 13 of its First Cause of Action and incorporates the same herein by reference as if set forth at length.

15.     Within four (4) years past in the jurisdiction set forth in paragraph 8 above, Defendants became indebted to Plaintiff on an open book account for money due in the sum set forth in paragraph 9 above, for services rendered by Plaintiff in accordance with the "DECLARATION".

16.     Defendants have failed to pay for the maintenance assessments duly levied and presently owes the amount set forth in paragraph 8 above, all of which is thirty (30) days past due as of **August 16, 2011.**

17.     Neither the whole nor any part of the above sum has been paid although a demand has been made. The principal amount owed for said indebtedness is increases by **$299.00,** per month and such increase in the amount of monthly assessments as may occur, plus interest thereon the first day of each month, is due and owing after the date mentioned above.

## THIRD CAUSE OF ACTION

## (Foreclosure of Assessment Lien Limited Jurisdiction Pursuant To CCP §86 (a)(6))

3 d

1    18.    Plaintiff refers to Paragraphs 14 through 17 of its Second Cause of Action and
2 incorporates the same herein by reference as if set forth at length.

3    19.    The DECLARATION provides that all amounts set forth in the DECLARATION are
4 and shall be a lien upon SUBJECT PROPERTY and that such lien may be enforced by sale after
5 failure of the owner to pay said assessment in accordance with the terms of the DECLARATION
6 and Davis-Stirling Common Interest Development Act (Civil Code §1350), and such sale may be
7 conducted in any manner permitted by law.

8    20.    Plaintiff has not consented to the breach of any of the terms and provisions of the
9 DECLARATION and the same have not been canceled or withdrawn and each and every one
10 thereof is, and at all material times was, in full force and effect.

11    21.    Defendants have failed to pay the maintenance assessments and continue to fail and
12 refuse to do so although a demand has been made.

13    22.    Plaintiff has duly recorded a Notice of Delinquent Assessment on or about **August
14 01, 2009** in the Official Records of the County Recorder of said County.

15    WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as
16 follows:

17 **AS TO THE FIRST AND SECOND CAUSES OF ACTION**

18    (1)    For the sum of **$4,369.06**, plus additional maintenance assessments, late charges and
19 interest as provided for in the Davis-Stirling Common Interest Development Act and as they accrue
20 through the time of judgment;

21 **AS TO THE THIRD CAUSE OF ACTION**

22    (2)    That it be decreed that the statutory assessment lien herein referred to be foreclosed
23 and that the usual decree may be made for the sale of the SUBJECT PROPERTY by the Marshal
24 and/or Sheriff of the County in which this Court is located, in the State of California, according to
25 law and the practice of this Court; that the proceeds of said sale be applied to the payment of the
26 Sheriff and/or Marshal's expenses of said sale and the next to the amount due Plaintiff, and that the
27 balance remaining, if any, be paid over to the Defendants; Defendants, and all persons claiming
28 under them, be foreclosed of all equity or redemption or interest in said SUBJECT  PROPERTY or

any part thereof:

    (3)    Plaintiff shall recover from Defendants personally, any deficiency between the sale price and the total amount due Plaintiff from Defendants, together with the expenses of sale should such a deficiency exist;

    (4)    Plaintiff or any other party to this suit may become a purchaser at said sale and that the Marshal and/or Sheriff execute a Deed to said purchaser and that said purchaser be let into possession of the premises on production of the Sheriff and/or Marshal's Deed therefor;

**AS TO ALL CAUSES OF ACTION**

    (5)    For cost of suit incurred herein;

    (6)    For Plaintiff's attorneys fees according to proof.

    (7)    For such other relief as the Court may deem just and proper.

**DATED: August 16, 2011**

                       FELDSOTT & LEE

                       By:_____

                          JACQUELINE PAGANO
                          Attorneys for Plaintiff

3f

# EXHIBIT "A"

Unit 30, Lot 1 of Tract No. 12509, APN 934-50-470, Alternate APN 623-202-26, inclusive of
miscellaneous maps, in the office of the county recorder, County of Orange, State of California;
and is more commonly known as:

**71 Via Bacchus, Aliso Viejo, CA 92656**

**Exhibit "4"**

EX·4a

POS-010

ATTORNEY OF PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
JACQUELINE PAGANO                                45128
FELDSOTT & LEE - ASSESSMENT ***
23161 MILL CREEK DR., SUITE 300
LAGUNA HILLS, CA 92653
  TELEPHONE: (949) 729-8002
ATTORNEY FOR: PLAINTIFF
  OCSC HARBOR /LAGUNA HILLS HARBOR JUSTICE CENTER
  STREET ADDRESS: per rule 2.150 (a)(8):
  MAILING ADDRESS: the address of the court is not required
CITY AND ZIP CODE:
  BRANCH NAME:

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
HARBOR JUSTICE

AUG 31 2011

ALAN CARLSON, Clerk of the Court

BY:_____ DEPUTY

| Plaintiff | ALTISSE HOMEOWNERS ASSOCIATION |
| Defendant | FERRIN |

CASE NUMBER:
30-201100500978
Clt. Ref. or File No.:
C.1926.3AS

**PROOF OF SERVICE OF SUMMONS**
(Separate proof of service is required for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
       SUMMONS; COMPLAINT; ADR PACKAGE; CIVIL CASE COVER SHEET

3.    a. [XX] Party served
         KATHY R. FERRIN

      b. [__] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not
            a person under item 5b on whom substituted service was made) (specify name and relationship to the party
            named in item 3a):

4. Address where the party was served: 71 VIA BACCHUS
                                        ALISO VIEJO, CA 92656

5. I served the party (check proper box)
      b. [XX] by substituted service.  On (date): 08/25/11 at (time): 9:29 am I left the documents listed in item 2
            with in the presence of:
            ALEX PADILLA, CO-OCCUPANT

         (2) [XX] (home) a competent member of the household (at least 18 years of age) at the dwelling house or
               usual place of abode of the party.  I informed him or her of the general nature of the papers.

         (4)  [XX I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be
               served at the place where the copies were left (Code Civ. Proc., 415.20).  I mailed the documents
               on (date): 08/26/11 from (city): CHINO          or [__] a declaration of mailing is attached.
         (5)  [XX I attach a declaration of diligence stating actions taken first to attempt personal service.

                                                                              Page 1 of 2

| Computer-generated form | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, 417.10 |
| Judicial Council of California | | |
| POS-010 (Rev. January 1, 2007) | GO: 12 amarquez | |


AX0212-11861470

$Ex \cdot 4b$

| Plaintiff | ALTISSE HOMEOWNERS ASSOCIATION | CASE NUMBER: |
|---|---|---|
| Defendant | FERRIN | 30-201100500978 |

c. [___] by mail and acknowledgment of receipt of service, I mailed the documents listed in item 2 to the party, to the address shown in Item 4, by first-class mail, postage prepaid.

    (1) on (date):     (2) from (city):

    (3) [___] with two copies of the Notice and Acknowledgment of Receipt (form 982(a)(4) and a postage paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt (form 982(a)(4).) (Code of Civ. Proc., 415.30).)

    (4) [___] to an address outside California with return receipt requested. (Code Civ. Proc., 415.40)

d. [___] by other means specify means of service and authorizing code section):

6. The "Notice to the Person Served" (on the summons) was completed as follows:
    a. [XX] as an individual defendant.
    b. [___] as the person sued under the fictitious name of (specify):

    c. [___] as occupant/tenant.
    d. [___] on behalf of:

    under the following Code of Civil Procedure section:

| | |
|---|---|
| [___] CCP 416.10 (corporation) | [___] 416.60 (minor) |
| [___] 416.20 (defunct corporation) | [___] 416.70 (ward or conservatee) |
| [___] 416.30 (joint stock or company association) | [___] 416.90 (authorized person) |
| [___] 416.40 (association or partnership) | [___] 415.46 (occupant/tenant) |
| [___] 416.50 (public entity) | [___] other: |
| [___] CCP 415.95 (business organization, form unknown) | |

7. Person who served papers
    a. Name: A. CHAYRA
    b. Address: 7124 Owensmouth Ave., #106, Canoga Park CA 91303
    c. Telephone number: (213) 928-7247
    d. The fee for service was: $    59.95   (recoverable under CCP1033.5(a)(4)(B))
    e. I am:
        (1) [___] not a registered California process server.
        (2) [___] exempt from registration under Business and Professions Code Section 22350(b).
        (3) [XX] registered California process server:
            (i) [___] Owner  [___] Employee  [XX] Independent contractor.
            (ii) Registration No.: 3587
            (iii) County: LOS ANGELES

8. [XX] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or
9. [___] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 08/29/11

A. CHAYRA
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)       (SIGNATURE)

Page 2 of 2

| Computer-generated form | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, 417.10 |
|---|---|---|
| Judicial Council of California | | |
| POS-010 (Rev. January 1, 2007)   GO: 12 | | |

*Ex. 4C*

POS-010

| ATTORNEY OF PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

JACQUELINE PAGANO 45128
FELDSOTT & LEE - ASSESSMENT ***
23161 MILL CREEK DR., SUITE 300
LAGUNA HILLS, CA 92653
 TELEPHONE: (949) 729-8002
ATTORNEY FOR (Name): PLAINTIFF
OCSC HARBOR /LAGUNA HILLS
 STREET ADDRESS: per rule 982.9 (a)(8):
 MAILING ADDRESS: the address of the court is not required
CITY AND ZIP CODE:
 BRANCH NAME: OCSC HARBOR /LAGUNA HILLS HARBOR JUSTICE CENTER

| Plaintiff | ALTISSE HOMEOWNERS ASSOCIATION | CASE NUMBER: |
|---|---|---|
| Defendant | FERRIN | 30-201100500978 |

Ref. or File No.:
12-11861470

### Declaration of Diligence

I received the within process on 08/18/11 and that after due and diligent effort, I have been unable to effect personal service on the within named party. Dates and times of attempts with reported details are listed below. Costs for diligence pertaining to substituted service is recoverable under C.C.P. 1033.5(a)(4)(B).

Servee: KATHY R. FERRIN

Home address: 71 VIA BACCHUS
ALISO VIEJO, CA 92656

Business address:

08/20/11 12:11pm No answer at residence on current attempt. NO ACTIVITY HEARD OR OBSERVED WITHIN THE PREMISES.

08/22/11 8:17am No answer at residence on current attempt. SPOKE WITH NEIGHBOR AND VERIFIED SUBJECT'S ADDRESS TO BE GOOD.

08/24/11 5:19pm No answer at residence on current attempt. NO NOISE HEARD WITHIN THE PREMISES

08/25/11 9:29am SUBSTITUTED SERVICE

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Person serving (name, address, and telephone No.):
20003
A. CHAYRA
7124 Owensmouth Ave., #106,
Canoga Park CA 91303
(213) 928-7247

Fee for service: $ 59.95
(recoverable per C.C.P. 1033.5(a)(4)(B))
[__] Not a registered California process server.
[__] Exempt from registration under B&P 22350(b).
[XX] Registered California process server.
 (1) Employee or independent contractor.
 (2) Registration No.: 3587
 (3) County: LOS ANGELES

Date: 08/29/11

_____
(Signature)

| Form Adopted by rule 982 | Declaration of Diligence |
|---|---|
| 982.9(a)(5) | 12-11861470 |

GO: 12

**Exhibit "5"**

EX 5a

**CIV-100**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| JACQUELINE PAGANO   (Bar # 266283)<br>FELDSOTT & LEE<br>23161 MILL CREEK DRIVE, SUITE 300<br>LAGUNA HILLS, CA 92653<br>TELEPHONE NO: (949) 729-8002   FAX NO. (Optional): (949) 729-8012<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): ALTISSE HOMEOWNERS ASSOCIATION, a nonprofit mutual benefit corporation | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>HARBOR JUSTICE CENTER<br><br>OCT 12 2011<br><br>ALAN CARLSON, Clerk of the Court<br>BY:_____DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ORANGE**
STREET ADDRESS: 23141 MOULTON PKWY., 2ND FLOOR
MAILING ADDRESS: 23141 MOULTON PKWY., 2ND FLOOR
CITY AND ZIP CODE: LAGUNA HILLS 92653
BRANCH NAME: LAGUNA HILLS FACILITY

PLAINTIFF/PETITIONER: ALTISSE HOMEOWNERS ASSOCIATION, etc.

DEFENDANT/RESPONDENT: KATHY R. FERRIN, et al.

| REQUEST FOR (Application) | [X] Entry of Default | [ ] Clerk's Judgment | CASE NUMBER: |
|---|---|---|---|
| | [ ] Court Judgment | | 30-2011-00500978 |

1. **TO THE CLERK:** On the complaint or cross-complaint filed
   a. on (date): 08/18/2011
   b. by (name): ALTISSE HOMEOWNERS ASSOCIATION, a nonprofit mutual benefit corporation
   c. [X] Enter default of defendant (names): KATHY R. FERRIN

   d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant (names):

   *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. [ ] Enter clerk's judgment
      (1) [ ] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
         [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The Prejudgment Claim of Right to Possession was served in compliance with Code of Civil Procedure section 415.46.
      (2) [ ] under Code of Civil Procedure section 585(a). (Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)
      (3) [ ] for default previously entered on (date):

2. **Judgment to be entered.**

| | Amount | Credits acknowledged | Balance |
|---|---|---|---|
| a. Demand of complaint . . . . . . . . . . . | $ | $ | $ |
| b. Statement of damages *<br>   (1) Special . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
|    (2) General . . . . . . . . . . . . . . . . . | $ | $ | $ |
| c. Interest . . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| d. Costs (see reverse) . . . . . . . . . . . . | $   368.95 | $ | $   368.95 |
| e. Attorney fees . . . . . . . . . . . . . . . . . | $ | $ | $ |
| f. TOTALS | $   368.95 | $ | $   368.95 |

   g. **Daily damages** were demanded in complaint at the rate of: $ _____ per day beginning (date):
   (* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)

3. [ ] (Check if filed in an unlawful detainer case) Legal document assistant or unlawful detainer assistant information is on the reverse (complete item 4).

Date: October 11, 2011

JACQUELINE PAGANO
(TYPE OR PRINT NAME)              ► _____
                                 (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| FOR COURT USE ONLY | (1) [✓] Default entered as requested on (date): OCT 12 2011 |
|---|---|
| | (2) [ ] Default NOT entered as requested (state reason): |
| | Clerk, ALAN CARLSON   T. GUY   , Deputy |

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-100 [Rev. January 1, 2007] | **REQUEST FOR ENTRY OF DEFAULT**<br>(Application to Enter Default) | Code of Civil Procedure,<br>§§ 585-587, 1169<br>www.courtinfo.ca.gov |
|---|---|---|

ORIGINAL

LexisNexis® Automated California Judicial Council Forms

Ex 56

**CIV-100**

| PLAINTIFF/PETITIONER: ALTISSE HOMEOWNERS ASSOCIATION, etc. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: KATHY R. FERRIN, et al. | 30-2011-00500978 |

4. **Legal document assistant or unlawful detainer assistant** (Bus. & Prof. Code, § 6400 et seq.). A legal document assistant or unlawful detainer assistant ☐ **did** ☐ **did not** for compensation give advice or assistance with this form. *(If declarant has received any help or advice for pay from a legal document assistant or unlawful detainer assistant, state):*

  a. Assistant's name:
  b. Street address, city, and zip code:
  c. Telephone no.:
  d. County of registration:
  e. Registration no.:
  f. Expires on *(date):*

5. ☒ **Declaration under Code of Civil Procedure Section 585.5** *(required for entry of default under Code Civ. Proc., § 585(a)).* This action
  a. ☐ **is** ☒ **is not** on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).
  b. ☐ **is** ☒ **is not** on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).
  c. ☐ **is** ☒ **is not** on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing** (Code Civ. Proc., § 587). A copy of this *Request for Entry of Default* was
  a. ☐ **not mailed** to the following defendants, whose addresses are **unknown** to plaintiff or plaintiff's attorney *(names):*
  b. ☒ **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:
    (1) Mailed on *(date):*    (2) To *(specify names and addresses shown on the envelopes):*
    October 11, 2011    KATHY R. FERRIN, 71 Via Bacchus, Aliso Viejo, CA 92656

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.
Date: October 11, 2011

| Amanda Ybarra | ▶ *(SIGNATURE OF DECLARANT)* |
|---|---|
| (TYPE OR PRINT NAME) | |

7. **Memorandum of costs** *(required if money judgment requested).* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):
  a. Clerk's filing fees . . . . . . . . . . . . . . . . . . . $   225.00
  b. Process server's fees . . . . . . . . . . . . . . . . $   59.95
  c. Other *(specify):* DEED FEE . . . . . . . . . . . $   $65.00
  d. LIS PENDENS . . . . . . . . . . . . . . . . . . . $   $19.00
  e. **TOTAL** . . . . . . . . . . . . . . . . . . . . . . . . . . $   368.95
  f. ☐ Costs and disbursements are waived.
  g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: October 11, 2011

| JACQUELINE PAGANO | ▶ *(SIGNATURE OF DECLARANT)* |
|---|---|
| (TYPE OR PRINT NAME) | |

8. ☒ **Declaration of nonmilitary status** *(required for a judgment).* No defendant named in item 1c of the application is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (50 U.S.C. App. § 501 et seq.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: October 11, 2011

| JACQUELINE PAGANO | ▶ *(SIGNATURE OF DECLARANT)* |
|---|---|
| (TYPE OR PRINT NAME) | |

CIV-100 [Rev. January 1, 2007]

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

Page 2 of 2

*LexisNexis® Automated California Judicial Council Forms*

**Exhibit "6"**

Ex 69

1 | JACQUELINE PAGANO (SBN # 266283)
  | FELDSOTT & LEE
2 | 23161 Mill Creek Drive, Suite 300
  | Laguna Hills, CA  92653
3 | (949) 729-8002

4 | Attorney for Plaintiff

5 | ALTISSE HOMEOWNERS ASSOCIATION

6

7

8 | SUPERIOR COURT OF CALIFORNIA

9 | COUNTY OF ORANGE, HARBOR JUSTICE CENTER, LAGUNA HILLS FACILITY

10

11 | ALTISSE HOMEOWNERS ASSOCIATION, a | CASE NO.  30-2011-00500978

12 | nonprofit mutual benefit corporation, | JUDGMENT OF FORECLOSURE OF REAL PROPERTY ASSESSMENT LIEN (DEFAULT, BY COURT/ JUDGMENT FOR MONEY CCP SECTION 585)

13 | Plaintiff,

14 | vs. | Date Action Filed: August 18, 2011

15 | KATHY R. FERRIN, and DOES 1 through 100, | Trial Date:              None Set

16 | inclusive,

17 | Defendants.

18

19 | IT APPEARING THAT THE DEFENDANT, KATHY R. FERRIN, having regularly been

20 | served with process, and having failed to appear and answer the Complaint filed herein by plaintiff,

21 | ALTISSE HOMEOWNERS ASSOCIATION, a nonprofit mutual benefit corporation

22 | ("ASSOCIATION"), and default of said defendant having been duly entered, and evidence having

23 | been submitted to this Court:

24 | IT IS ORDERED, ADJUDGED AND DECREED as follows:

25 | (1)    There is now due and owing to plaintiff, ALTISSE HOMEOWNERS

26 | ASSOCIATION, a nonprofit mutual benefit corporation, from the defendant, KATHY R. FERRIN, as

27 | secured by a lien as set forth in the Declaration of Covenants, Conditions, & Restrictions, recorded

28

29

- 1 -

*Duplicate*

Ex 6b

on February 15, 1989 as Instrument No. 89-081241 , in the Official Records of Orange County, by
plaintiff's predecessor in interest constituting a lien on the real property hereinafter described, the
following sums: principal through **January 16, 2012 - $6,122.56**; court costs - **$368.95**; attorneys
fees - **$2,091.50**: for a total judgment of **$8,583.01** plus plaintiff's actual costs of foreclosure sale.

      (2)     The Marshal or Sheriff of Orange County shall sell the real property hereinafter
described, or as much of it as may be necessary, in the manner prescribed by law.

      (3)     Any party to this action may be a purchaser at the sale.

      (4)     From the proceeds of sale, the Marshal or Sheriff of Orange County shall pay to the
plaintiff, after deducting the expenses of the sale, the sum herein adjudged due, with interest
thereon at the rate of 10% per annum from the date of this judgment.

      (5)     If any surplus remains after making these payments, the surplus shall be paid to
defendant, KATHY R. FERRIN.

      (6)     Plaintiff shall recover from said defendant any deficiency between the sale price and
the total amount due plaintiff.

      (7)     After the time allowed by law for redemption has expired, the Marshal or Sheriff
shall execute a deed to the purchaser who shall be let into possession, and in aid thereof, may have
the appropriate writ of assistance directed to the Marshal or Sheriff of Orange County, California.

      (8)     From and after the delivery of the deed by the Marshal or Sheriff of Orange County,
defendant, KATHY R. FERRIN, and all persons having liens subsequent to the lien sued upon
herein and to this judgment, and their personal representatives and all persons having a lien or claim
under such subsequent judgment, and their heirs and personal representatives, and all persons
claiming under them, and all persons claiming to have acquired any estate or interest in the property
subsequent to the recording of the Notice of Lis Pendens herein with the County Recorder, are
forever barred and foreclosed from all equity of redemption in and claim to the property and every
part thereof.

      (9)     As an alternative to foreclosure of the real property, plaintiff is awarded a judgment
for money should plaintiff's security interest in said property not be enforceable against the
defendant.

*Ex 6C*

(10)    The property which is the subject of this judgment is situated in Orange County, California, described as follows: Unit 30, Lot 1 of Tract No. 12509, APN 934-50-470, Alternate APN 623-202-26, inclusive of miscellaneous maps, in the office of the county recorder, County of Orange, State of California; and is more commonly known as: 71 Via Bacchus Aliso Viejo, CA 92656

DATED: **JAN 2 3 2012**

**JUDGE COREY S. CRAMIN**
JUDGE OF THE SUPERIOR COURT

**Exhibit "7"**

Ex.7

# Schedule A
## Statement Of Account Summary
### Date of Notice: October 10, 2008

Altisse Homeowners Association (the "Association")
c/o Action Property Management
29 B Technology Drive, Suite 100
Irvine, California 92618

ALS No.: 2008-5614

| AMOUNT DUE NOW | | |
|---|---|---|
| Assessments Through: | October 10, 2008 | $1,890.00 |
| | ALS Cost | $157.50 |
| | ALS Fees | $350.00 |
| | Late Fees | $60.00 |
| | Interest | $36.30 |
| | Other Collection HOA | $135.00 |
| | TOTAL DUE NOW: | $2,628.80 |

| AMOUNT DUE WITHIN 10 DAYS OF THE DATE OF NOTICE | | |
|---|---|---|
| Additional Assessments Through: | October 20, 2008 | $0.00 |
| | Late Fees | $10.00 |
| | TOTAL DUE WITHIN 10 DAYS OF THE DATE OF NOTICE: | $2,638.80 |

*ALS fees are the fees for services rendered by the ALS attorneys and collection staff. Each of the fees charged are flat fees for services that include preparation of attorney letters and other correspondence, liens and other recorded notices, which include review of the file, the association's governing documents and responding to all homeowner, management company or board inquiries, as necessary, monitoring payment plans and other services related to collecting.

*ALS Costs are title or legal vesting verification which is the fee the title company charges to verify the current title holder/owner, postage which includes postage and handling costs for all of the required certified and regular mailings of the legal notices, and recording costs which are charged by the agency with which the document is recorded and included in those costs are administrative fees for handling of those documents.

*Bankruptcy verification is the fee charged for ALS staff to research and verify that the owner has not filed for bankruptcy, which would require that all collection efforts cease.

*Management Collection Costs is the fee the management company charges to prepare the file for transfer to ALS and to monitor and/or work with ALS, serving as a liaison between ALS and the association.

*Pursuant to California Law, the Association is entitled to not only collect the delinquent assessments, late fees and interest (usually at 12% per annum) but in addition, is entitled to collect all attorneys fees and costs of collection, some of which are outlined above.

This was the total amount Paid to ALS. Pay OCT 20th. then I recive a Bill at the end of Nov. $4 hundred an some. ALS DIDnt Pay them til end of Nov. and Nov 20th apparently not enough.

**Exhibit "8"**

Ex. 8



**Feldsott & Lee**
A LAW CORPORATION

23161 MILL CREEK DRIVE, SUITE 300
LAGUNA HILLS, CA 92653

(949) 729-8002
(949) 729-8012 FAX
WWW.CAHOALAW.COM

May 09, 2012

**KATHY R. FERRIN**
**71 Via Bacchus**
**Aliso Viejo, CA 92656**

*Re:* ALTISSE HOMEOWNERS ASSOCIATION vs. FERRIN

Dear Homeowner(s):

The Board of Directors has made a counter offer ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. A response must be received in our office within ten days from the date of this letter.

Very Truly Yours,

FELDSOTT & LEE

By: _____
Amanda Ybarra / Assessment
Department Assistant

ay

**Exhibit "9"**

**Law Offices of Collins & Lamore**
Attorneys At Law
8 Whatney #102
Irvine, CA 92618
949-581-9300; Fax# 480-287-8507
**VIA FACSIMILE**

*Ex 9a*

**DATE:**      July 11, 2012

**TO:**      Feldscott & Lee, Att: Jacqueline Pagano, Esq.

**FROM:**      Michael Collins, Esq.

**RE:**  Altisse Homeowners Association vs. Kathleen Rose Ferrin,
      Case#: 30-2011-00500978-CL-OR-HLH;

**YOUR FAX NO:**   949-729-8012

We are transmitting 2 page(s) including the cover sheet. If you do
not receive all pages transmitted, please call 1-949-581-9300.

Dear Ms. Pagano,

     Please be advised that this law office represents Kathleen Ferrin in the above referenced
matters. Pursuant to the federal debt collection laws, this is a formal request that your offices
cease and desist communication with Kathleen Ferrin, as well as her family and friends, in
relation to this and all other alleged debts that are claim to be owed. Any further communication
intended for Kathleen Ferrin should be directed to our offices.

     In accordance with the fair Debt Collection Practices Act, Section 809(b) Validating
Debts, please let this serve as formal notification that the debt is disputed. My client (and quite
frankly this office) is confused because we have done a search and discovered the judgment
entered on 01/23/2012 as to Altisse matter was actually filed while a bankruptcy stay was in
place **(BKP case# 8:11-bk-19604; from 07/07/11 to 10/13/11)**. Ms. Ferrin was also (allegedly)
served with summons & complaint and default entered in this matter all while a bankruptcy stay
was in place. Furthermore, your documents filed in the Altisse matter indicate subsequent
knowledge of the bankruptcy violation and yet your firm and your client have taken no steps to
rectify your illegal actions. Of the various legal violations I have come across so far by your firm
and the HOA, this one appears to be the most egregious. In the meantime, I would appreciate a
breakdown of current balance due, payments made to date, and how you arrived at that balance.

     Be advised it is our intention to quickly and aggressively pursue all remedies available to
my client to include **an adversary proceeding in bankruptcy court**, a motion to vacate
judgment if necessary, FDCPA & Rosenthall claims, and various State consumer protection
claims.

Ex 9b

**Law Offices of Collins & Lamore**
Attorneys At Law
8 Whatney #102
Irvine, CA 92618
949-581-9300; Fax# 480-287-8507

Time is of the essence, I await your reply. Please feel free to call me regarding both matters at 1-949-581-9300.

Sincerely,

Michael W. Collins, Esq.

CC: Kathleen Ferrin

**CONFIDENTIALITY NOTICE:** The document being faxed is intended only for the use of the individual or entity to which it is addressed ad may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended addressee, or the employee or agent responsible for delivering the message to the addressee, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the United States Postal Service.        Your        postage        will        be        reimbursed.        Thank        you.

**Exhibit "10"**

/o9

# Feldsott & Lee
**A LAW CORPORATION**

23161 Mill Creek Drive, Suite 300
Laguna Hills, CA 92653

(949) 729-8002
(949) 729-8012 FAX
WWW.CAHOALAW.COM

12707 High Bluff Drive, Suite 200
San Diego, CA 92130
(858) 755-3741

July 16, 2012

**SENT VIA U.S. MAIL & FACSIMILE TO:**
**(480) 287-8507**

Michael W. Collins
Law Offices of Collins & Lamore
8 Whatney #102
Irvine, CA 92618

**Re:    Altisse Homeowners Association v. Kathleen Rose Ferrin**

Dear Mr. Collins:

This office is in receipt of your correspondence dated July 11, 2012 in regard to the above-referenced matter.  We have research your allegations set forth therein and have noted the following:

This office first became aware of a Chapter 7 Bankruptcy Petition filed by your client on August 2, 2010 which was discharged on January 12, 2011.  The lien was recorded on May 18, 2011 which did not include any of the pre-petition debt nor did the Complaint.  Neither this office nor our client were ever notified of the Chapter 13 bankruptcy filed on July 7, 2011 and dismissed on October 13, 2011. We have researched the Bankruptcy Court's website and see that your client did in fact file a Chapter 13 Bankruptcy Petition on July 7, 2011. Per your client's Proof of Service, notice of the bankruptcy was sent to "Action Property Altisse HO Ass, 29 B Technology Dr., Suite 100, Irvine, CA 92618", on or about July 7, 2011.  However, Action Property Management moved its offices to "2603 Main Street, Suite 500, Irvine, CA 92614-4261" and changed its address effective **June 29, 2009 - - 2 years before your client even filed the Chapter 13 Petition**.  The forwarding order expired **December 2010** - - 7 months before your client filed the Chapter 13 Bankruptcy Petition.

Even if your client claims to have never received a notice of change of address (which was sent to all homeowners), surely she would have received the returned mail reflecting the change of address. In addition, Action Property Management's current address was indicated on the Notice of Intent to Lien sent on April 8, 2011, the lien recorded on May 18, 2011 and the Notice of Recordation of Lien sent on May 19, 2011.  It is obvious that your client never change the address in the Court's records nor did she add this office to the mailing list.  Accordingly, there was no notice of the Chapter 13 filing.

*10 6*

Michael W. Collins
Law Offices of Collins & Lamore
July 16, 2012
Page -2-

At this point, your client has the following options:

1.  Pay the Judgment; or

2.  We will ask the Court to vacate the Judgment and dismiss the Complaint without prejudice.  We will of course re-file the Complaint for judicial foreclosure and common counts and seek all assessments due and owing including the pre-Chapter 7 petition amounts, where appropriate, which were not included in the first action.

Please advise this office as to how your client wishes to proceed.  Should you have further questions or require any additional information, please do not hesitate to contact me.

Very truly yours,

FELDSOTT & LEE

By: _____
    JACQUELINE PAGANO

JP/kc

**Exhibit "11"**

EX. 11



**Feldsott & Lee**
A LAW CORPORATION

23161 MILL CREEK DRIVE, SUITE 300
LAGUNA HILLS, CA 92653

(949) 729-8002
(949) 729-8012 FAX
WWW.CAHOALAW.COM

12707 HIGH BLUFF DRIVE, SUITE 200
SAN DIEGO, CA 92130
(858) 755-3741

July 30, 2012

**SENT VIA U.S. MAIL & FACSIMILE TO:**
**(480) 287-8507**

Michael W. Collins
Law Offices of Collins & Lamore
8 Whatney #102
Irvine, CA 92618

     **Re:**   **Altisse Homeowners Association v. Kathleen Rose Ferrin**

Dear Mr. Collins:

This shall confirm our telephone conversation today wherein we agreed to the following:

1.    This office will vacate the Judgment in Case No. 30-2011-00500978 and dismiss the Complaint without prejudice;

2.    This office will file a new Complaint seeking all assessments due and owing;

3.    You will accept service by facsimile of the new Complaint on behalf of your client, Kathleen Rose Ferrin.

Should anything set forth herein differ from your understanding of our agreement, please contact me immediately.

Very truly yours,

FELDSOTT & LEE

By: _____
     JACQUELINE PAGANO

JP/kc

**Exhibit "12"**

FOR OFFICE USE ONLY

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of California

| | |
|---|---|
| Kathy R. Ferrin | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. **SACV12-02061 DOC (ANx)** |
| FELDSOTT & LEE, A LAW CORPORATION; | ) |
| and Does 1 – 50, | ) |
| _____ | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   FELDSOTT & LEE, A LAW CORPORATION
23161 MILL CREEK DR., Suite 300
Laguna Hills, CA 92653

FOR OFFICE USE ONLY

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Law Offices of Collins & Lamore
8 Whatney #102
Irvine, CA 92618

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   **NOV 2 8 2012**                          ROLLS ROYCE PASCHAL

*Signature of Clerk or Deputy Clerk*

1225

FOR OFFICE USE ONLY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV12- 2061 DOC (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>Kathy R. Ferrin | DEFENDANTS<br>FELDSOTT & LEE, A LAW CORPORATION; and Does 1 – 50, |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Law Offices of Collins & Lamore, Attorneys At Law<br>8 Whatney #102, Irvine, CA 92618<br>(949)581-9300; Fax# (480)287-8507 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☐ No        ☑ **MONEY DEMANDED IN COMPLAINT: $** $3,000 plus actual damage/proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:    Case Number:** **SACV12-02061 DOC (ANx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Michael W. Collins, Cal # 197979_          Date 11/25/2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |